PER CURIAM:
Claimants brought this action for vehicle damage to their 2008 Toyota Camry when debris fell from the 1-64 bridge construction site while Claimant Mary lustice traveled beneath it on State Route 60 in South Charleston, Kanawha County. State Route 60 and Interstate 64 are public roads maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 7:55 a.m. on August 4, 2008. At the time of the incident, Mrs. lustice was driving to work along State Route 60 in South Charleston, underneath the construction of the 1-64 bridge. Claimant testified that before she drove beneath the bridge she observed workmen on top of the bridge and items hanging off the sides. As Claimant proceeded under the bridge she heard a loud thump, and although she was unable to identify the obj ect that fell on her car she did not see anything in the road that she could have run over. Claimant proceeded to work, less than a mile away, without stopping, because *176 concrete barriers prevented her from pulling off the road. Claimant stated that, after arriving at work, one of her co-workers pointed out where something had fallen on the roof of her car. Immediately thereafter Mrs. Justice called the Respondent to report the incident and was instructed to contact the Court of Claims. As a result of this incident, Claimants’ vehicle sustained damage to the roof in the amount of $494.3 8. Claimants’ insurance declaration sheet indicates that their collision deductible is $1,000.00.
The position of the Respondent is that it did not have actual or constructive notice of the condition on Rt. 60 beneath the 1-64 bridge construction prior to this incident. Barbara Engelhardt, Highway Administrator Two, testified that she is responsible for road safety. Ms. Engelhardt testified that she is familiar with the 1-64 bridge construction, and indicated the construction was being performed by a third-party contractor. According to Ms. Engelhardt, all contracts between respondent and third-party contractors provide for an indemnification provision whereby the contractor assumes all liability during the construction process. Ms. Engelhardt stated that had she received Mrs. Justice s telephone call she would have referred her to the contractor.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645;46 S.E.2d81 (1947). In order to hold respondent liable for road defects of this type, Claimants must prove that respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice that construction was taking place on the 1-64 bridge above Rt. 60. Since the construction of the bridge created a hazard to the traveling public below, the Court finds respondent negligent. The Court is aware that respondent’s agreement with the third-party contractor has an indemnity provision. Thus, respondent may seek to be reimbursed from the third-party contractor for any damages arising from this claim.
It is the opinion of the Court of Claims that the Claimants should be awarded the sum of $500.00.
Award of $500.00.